## No. 428

## First Circuit

## REAMES v. FRANKLIN

(April 13, 1929. Opinion and Decree.)

Cross and Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Ratcliff and Herget, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. This is a petitory action in which Beverly W. Reames, with title from Marshall Franklin, dated October 9, 1928, and recorded the next day, sues to recover of Emma Wallace Franklin, wife of his vendor, "a certain tract of land with the buildings and improvements thereon, situated in the fifth ward of the parish of East Baton Rouge, Louisiana, near Big Sandy Creek, about 25 miles from the City of Baton Rouge, composed of 2 tracts; one of 40 acres and another of 33 acres, bounded north by Mrs. Reames, formerly Aucoin; east by Jones & Stevenson; south by W. L. Jones; west by Browning."

He alleges that the defendant is in possession of the property without title to or right to remain thereon.

The averments of the plaintiff are denied by the defendant, and title in herself alleged to an undivided one-half of the tract of land in question, under a dation en paiement from her husband, said Marshall Franklin, dated August 29, 1927, and recorded September 7, 1927, in the conveyance records of the parish of East Baton

Rouge. The parties both claim title under Marshall Franklin.

The plaintiff does not attack defendant's title; his allegation is that she has no title. It results from plaintiff's petition that unless the giving in payment set up by the defendant as a title is an absolute nullity on its face, plaintiff cannot recover under the Code of Practice, art. 44.

Defendant's title is an act under private signature, and, on the subject of consideration, reads as follows:

"This present sale and conveyance is made and acquired for and in consideration of the sum and price of $400.00 cash in hand, the receipt of which is hereby acknowledged as follows: By cash loaned to Marshall Franklin by Emma Wallace, to take up the last two mortgage notes due on the said place, and interest and other cash loaned at different times; also service rendered by two boys and one girl, who were in the care and custody of Emma Wallace; also by rendering good and faithful service by Emma Wallace to Marcial Franklin, until death shall them part. The said amount being the paraphernal funds of Emma Wallace, acquired before her marriage."

The act does not state and the answer does not allege the amount loaned for the purpose of paying the mortgage notes due on the place, the amount loaned at other times, nor any fixed and definite sum agreed on as the value of the service rendered by the boys and girl; nor as to the service to be rendered by Emma Wallace to the said Franklin. There can be no sale from husband to wife, except as provided by law. Civil Code, art. 2446. In this case, as the parties had not been judicially separated, the only purpose could be to replace paraphernal property alienated by her husband.

The title from Marshall Franklin to Emma Wallace is a nullity on its face for the reason that it does not purport to be for a purpose provided for by law, except as to the two mortgage notes mentioned in the act. The plaintiff, however, offered evidence on the subject of consideration; the defendant objected, but, as the only possible effect of the offering could be to benefit the defendant by showing certainty in the consideration which under the act is uncertain, and thereby save the situation for the defendant, we take the evidence into account. The law on the subject of giving in payment (Civil Code, art. 2659) requires the same certainty in the matter of consideration as the law requires for other sales. Civil Code, art. 2464. The plaintiff offered the notes mentioned in the giving in payment, and he states in his brief the amount which he claims was due thereon. But the notes were not brought up in the record, and we have no information as to the amount loaned by defendant to her husband to pay same except the statements in plaintiff's brief, which are no doubt true; still we cannot look on same as record proof. If we would not act finally on the case because of the absence of the notes, we could have them brought up, and would do it if any good would be thereby accomplished. But it is evident that either with or without them in the record the giving in payment relied on by defendant is still null and void on its face, and also, under the evidence introduced on the trial. The evidence introduced on the trial does not remove any of the uncertainties nor show any agreed value or fixed price as to the other items of consideration named in the act. As for the amount due on the place, the same could be well imputed to a proper legal purpose, but as for the other items of consideration, they could not, even if proved, be looked on as ground for a paraphernal claim in favor of the defendant

and due by her husband, and the act under which defendant claims is still null and void. In regard to the certainty required for the consideration of a dation en paiement, see 2 Louisiana Digest, subject "Dation en paiement," Sec. 5, p. 831. And as to what may be regarded as a paraphernal claim which may be replaced, see subject of "Marriage" in volume 4, same work.

It is no use to keep the case open. We are satisfied that the judgment appealed from is correct. Judgment affirmed.

Defendant and appellant to pay the cost in both courts.